## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRENDON MOBLEY,                                    )
                                                   )   No. 2:25-cv-00364
              Plaintiff,                            )
                                                   )
       vs.                                          )   Judge Robert J. Colville
                                                   )
KEITH ZENKOVICH, DREW HILK,                         )
TOWNSHIP OF SOUTH STRABANE,                          )
PENNSYLVANIA, and UNKNOWN                            )
PERSONS JOHN DOE #1 THROUGH #10,                     )
                                                   )
              Defendants.                           )

### MEMORANDUM OPINION

Robert J. Colville, United States District Judge

Before the Court is the Motion to Dismiss (ECF No. 34) filed by Defendants Keith Zenkovich ("Defendant Zenkovich," a South Strabane Township police officer), Drew Hilk ("Defendant Hilk," South Strabane Township Chief of Police), and the Township of South Strabane ("Defendant Strabane Township"). Defendants seek dismissal with prejudice of four claims set forth in the First Amended Complaint (the "Complaint"; ECF No. 18) filed by Plaintiff Trendon Mobley ("Plaintiff"). Also pending before the Court is a Motion for Limited Early Discovery (ECF No. 22) filed by Plaintiff. The Court has jurisdiction to rule on this matter under 28 U.S.C. § 1331. The Motions have been fully briefed and are ripe for disposition.

### I.      Factual Background & Procedural History

In the Complaint Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motions at issue:

1

On August 20, 2024, Defendant Zenkovich approached Plaintiff on a public road in South Strabane Township and "verbally engaged" him. ECF No. 18 ¶¶ 18–25. Upon hearing Defendant Zenkovich, Plaintiff turned and ran from him up the exit ramp from the main road toward a nearby McDonald's. *Id.* ¶ 25. Thereupon, Defendant Zenkovich got into his police vehicle and drove up the exit ramp toward the McDonald's. *Id.* ¶ 26. Plaintiff, running up the right side of the road near the curb, turned his head over his left shoulder and saw Defendant Zenkovich's car coming at him. *Id.* ¶ 29. Seeing that he may run into the path of the moving car, Plaintiff stopped abruptly on the road. Defendant Zenkovich turned to steer the vehicle toward Plaintiff, hitting him and knocking him to the ground. *Id.* ¶ 30–37.

After the collision, Defendant Zenkovich arrested Plaintiff and took him to the South Strabane Township Police Station. *Id.* ¶ 46–48. Plaintiff was eventually examined by paramedics and taken to the hospital. *Id.* ¶ 49.

Defendant Zenkovich and Defendant Hilk then "conspired amongst themselves and perhaps with other unknown persons including JOHN DOE's #1 through 10" to lay the blame for the accident and injuries on Plaintiff, claiming that he had struck the police vehicle with his body. *Id.* ¶ 53. Further, Defendants Zenkovich and Hilk "conspired amongst themselves and perhaps with others" to pursue a charge of Criminal Mischief against Plaintiff. *Id.* ¶ 54. They pursued charges against Plaintiff under 18 Pa.C.S. § 3304(a)(5), intentional damage of real or personal property. *Id.* ¶ 55. Defendants Strabane Township, Zenkovich, and Hilk "conspired with others including John Does #1 through #10 inclusive in continuing and promoting their scheme to maliciously and illegally bring the unsupported criminal charge of Criminal Mischief against" Plaintiff. *Id.* ¶ 58.

A criminal charge was filed against Plaintiff for Criminal Mischief in the Court of Common Pleas of Washington County, and Plaintiff was incarcerated due to the charge. *Id.* ¶ 59–60. In January 2025, Plaintiff received a favorable termination of the charge. *Id.* ¶ 63. Eventually, Defendants Strabane Township, Zenkovich, and Hilk reported to their insurance provider or insurance providers that Plaintiff had intentionally collided with the police vehicle and damaged it. *Id.* ¶ 69.

On March 13, 2025, Plaintiff filed a Complaint in this Court. On April 22, 2025, Defendants filed a Motion to Dismiss. On May 20, 2025, Plaintiff filed an Amended Complaint, bringing claims for Malicious Prosecution, Conspiracy to Commit Malicious Prosecution, Conspiracy to Commit Insurance Fraud, Unconstitutional Seizure, Excessive Use of Force, Negligence, Vehicular Assault, Assault, Battery, Violations of Right to Reputation, and Liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). On July 17, 2025, Defendants filed a Motion to Dismiss, along with a Brief in Support (ECF No. 35). On August 5, 2025, Plaintiff filed a Response (ECF No. 36) to Defendants' Motion to Dismiss, along with a Brief in Support (ECF No. 37). On August 12, 2025, Defendants filed a Reply (ECF No. 38) to Plaintiff's Response. On August 15, 2025, Plaintiff filed a Surreply (ECF No. 39).

## II.    Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does

not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 554). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).  When a document integral to or relied upon in the complaint is included, the court may also consider that document.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile.  *See, e.g.*, *Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

### III.    Discussion

#### A.  Count I & Count II - Malicious Prosecution & Conspiracy

Plaintiff brings a claim under § 1983 for Malicious Prosecution against Defendants Zenkovich, Hilk, and John Does 1 through 10, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  He also brings a Conspiracy to Commit Malicious Prosecution claim.  Defendants argue that the Malicious Prosecution claim should be dismissed because Plaintiff fails to establish that his arrest resulted from a charge that lacked probable cause, but rather, it resulted from an outstanding bench warrant.  Further, the

Conspiracy claim should be dismissed because Plaintiff has failed to establish the underlying offense.

When "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  "[I]t is the Fourth Amendment, and not [the Fourteenth Amendment], under which [a malicious prosecution] claim must be judged." *Black v. Montgomery County*, 835 F.3d 358, 365 (3d Cir. 2016) (citing *Albright*, 510 U.S. at 271).  As such, the Court will analyze this claim under the Fourth Amendment seizure standard.[1]

Because a Malicious Prosecution claim implicates a plaintiff's Fourth Amendment rights, a plaintiff must allege facts showing that the prosecution resulted in, was the result of, or in some other way orbited, a seizure.  *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005); *see also Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024) ("To succeed on [a malicious prosecution] claim, a plaintiff must show that a government official charged him without probable cause, *leading to an unreasonable seizure of his person*." (emphasis added)

---

[1] In Claims I, II, and V, Plaintiff alleges violations of his civil rights pursuant to the Ku Klux Klan Act, which Plaintiff quotes accordingly:

> The applicable verbiage of the 1871 Act as passed by Congress read this way:
> "[A]ny person who, under color of any law, statute, ordinance, regulation, custom, or usage of any State, shall subject, or cause to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall, ***any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding***, be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress...."

ECF No. 18 at 12 (emphasis in Plaintiff's filing).

The 1871 Act is captioned "An Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for other Purposes."  However, "Section 1983 is . . . the modern-day statute to enforce the Provisions of the Fourteenth Amendment to the Constitution." *Magana v. Com. of the N. Mariana Islands*, 107 F.3d 1436, 1441 (9th Cir. 1997), *as amended* (May 1, 1997) (internal quotation marks omitted).  As the Court notes above the line, malicious prosecution claims are addressed within the ambit of the Fourth Amendment, not the Fourteenth Amendment.

(internal citation omitted)).  If the court determines that a seizure has occurred, it must then determine whether the plaintiff has established the common law elements of Malicious Prosecution.  *Merkle v. Upper Dublin Sch. District*, 211 F.3d 782, 792 (3d Cir. 2000).

Plaintiff has not alleged facts showing that there was a seizure resulting from a charge that ended in his favor.  In fact, the most reasonable inference from the record is that any seizure of Plaintiff's person would have occurred with or without the charges initiated by Defendant Zenkovich, because, as of June 24, 2024, there was an outstanding bench warrant for Plaintiff's arrest signed by Judge Traci McDonald of the Court of Common Pleas of Washington County Criminal Division.  ECF No. 34-2.  Thus, when Defendants encountered Plaintiff on August 20, 2024, his arrest was inevitable as to the charges underlying the warrant.  Accordingly, the claims for Malicious Prosecution cannot proceed, as they fail to implicate the Fourth Amendment.  *See, e.g.*, *Wright v. City of Philadelphia*, 409 F.3d 595, 604 (3d Cir. 2005).

Plaintiff has failed to state a claim of Malicious Prosecution, and so, as to the Malicious Prosecution claims, Defendants' Motion to Dismiss will be granted.  Because Plaintiff has failed to state a claim for the underlying Malicious Prosecution, as to the Conspiracy claim, Defendant's Motion to Dismiss will be granted.  *See Perez-Cintron v. Millcreek Twp.*, No. CV 18-155, 2020 WL 1445875 (W.D. Pa. Mar. 25, 2020) ("Since this Court has already determined that Plaintiff is unable to prove the underlying claims of malicious prosecution . . . Plaintiff is consequently unable to establish a cognizable conspiracy claim.").

### B.  Count III - Conspiracy to Commit Insurance Fraud

Plaintiff brings a claim for Conspiracy to Commit Insurance Fraud, arguing that Defendants submitted false information about the collision of Defendant Zenkovich's vehicle with Plaintiff.  Defendants argue that there is no such private cause of action.

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 102 S. Ct. 2099, 2104 (1982). As such, the Court does not proceed with the "presumption that [it has] . . . jurisdiction to adjudicate a particular case," *Allison v. Chesapeake Energy Corp.*, 2013 WL 787257 (W.D. Pa. Jan. 29, 2013), and must do an analysis on a plaintiff's standing. "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).

Under Article III of the United States Constitution, the power of the federal judiciary is limited to "cases" and "controversies." U.S. Const. art. III, § 2. To establish the existence of a case or controversy, a plaintiff must show that (1) as a result of the defendant's conduct (2) the plaintiff suffered an injury in fact (3) that a favorable decision can redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). However, as the Supreme Court ruled in *TransUnion v. Ramirez*, "[o]nly plaintiffs concretely harmed by a defendant's statutory violation have Article III standing to seek damages against that private defendant in federal court." 594 U.S. 413 (2021). *TransUnion* attempts to limit standing to only those who were victims of bad acts and to prevent "virtually any citizen [from bringing] a statutory damages suit against virtually any defendant who violated virtually any federal law." *Id.* at 428.

In other words, Article III dictates that Plaintiff must be the party injured by the violation alleged in the Complaint. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("[T]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." (internal quotation marks omitted)); *Allen v. Wright*, 468 U.S. 737, 761 (1984) ("A black person in Hawaii [should not have standing to] challenge the

8

grant of a tax exemption to a racially discriminatory school in Maine. Recognition of standing in such circumstances would transform the federal courts into no more than a vehicle for the vindication of the value interests of concerned bystanders." (internal quotation marks omitted)); *Lujan*, 504 U.S. at 561–62 ("[T]he nature and extent of facts that must be averred . . . in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action . . . If he is, there is ordinarily little question that the action . . . has caused him injury, and that a judgment preventing or requiring the action will redress it."); *Hollingsworth v. Perry*, 570 U.S. 693, 707 (2013) ("Article III standing is not to be placed in the hands of concerned bystanders, who will use it simply as a vehicle for the vindication of value interests." (internal quotation marks omitted); *TransUnion*, 594 U.S. at 429 ("Private plaintiffs are . . . not charged with pursuing the public interest in enforcing a defendant's general compliance with regulatory law.").

Plaintiff asserts that he should be free to seek injunctive and declaratory relief if the alleged insurance fraud harmed him.  But he has not alleged facts showing that it has. Accordingly, Plaintiff lacks standing to bring his Conspiracy to Commit Insurance Fraud claim. Thus, as to the Conspiracy to Commit Insurance Fraud Claim, the Court will grant Defendants' Motion to Dismiss.

### C. Claim V – Conspiracy to Commit Malicious Prosecution and Insurance Fraud, Under the Civil Rights Act of 1871

This claim appears to be a retread of Claim II and Claim III, which the Court has analyzed and deemed worthy of dismissal.  Accordingly, as to Count V, the Court will grant Defendant's Motion to Dismiss.  If Plaintiff believes there is some material distinction between

Claim V and Claims II and III, he will have the opportunity to amend his Complaint to make this clearer for the Court.

### D.  Claim X – Monetary Damages for Claims Under the PA Constitution

Plaintiff brings a claim for violating his right to his reputation under the Constitution of the Commonwealth of Pennsylvania, Article I Section 1.  The Section reads:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. CONST. art. I, § 1.

Defendants move to dismiss the Pennsylvania Constitution claims insofar as they request monetary damages, arguing that there is no private cause of action for monetary relief for violations of the Pennsylvania Constitution.  The Court agrees that "such claims have long been barred by applicable state law." *Thompkins v. McKeesport Police Dep't*, No. 2:24-CV-00008, 2025 WL 957187, at \*5 (W.D. Pa. Mar. 31, 2025) (citing *Jones v. City of Philadelphia*, 890 A.2d 1188, 1216 (Pa. Commw. 2006).  However, Plaintiff does not specifically seek monetary relief for this claim, but rather broadly includes monetary damages in his Prayer for Relief, among other forms of relief, such as declaratory and injunctive relief.  Having said that, to the extent that the claims brought pursuant to the Pennsylvania Constitution seek monetary damages, such damages are not available. Because the claims brought under the Pennsylvania Constitution potentially seek other forms of relief in the Prayer for Relief, the claims survive Defendants' Motion.

To the extent that Defendant's Motion seeks a ruling on whether Plaintiff can pursue monetary damages on his Pennsylvania Constitution claims, the Motion will be granted in that

the Court finds that Plaintiff cannot pursue monetary damages on his Pennsylvania Constitution claims.

### E.  Punitive Damages Against Strabane Township

Plaintiff brings several of his claims against Defendant Strabane Township.  Plaintiff's Prayer for Relief seeks several forms of punitive damages against Defendant Strabane Township, including treble damages and other exemplary damages.  Defendants argue that this prayer fails because municipal entities are immune from such damages.  The Court agrees that "a municipality is immune from punitive damages under 42 U.S.C. § 1983."  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  However, similar to the Court's analysis above, *supra* Section III(D), Plaintiff does not exclusively seek punitive damages for his claims against Defendant Strabane Township, but rather broadly includes punitive damages in his Prayer for Relief, among other forms of relief, such as monetary damages.  Having said that, to the extent that the claims brought against Defendant Strabane County seek punitive damages, such damages are not available.  Because the claims against Defendant Strabane County potentially seek other forms of relief in the Prayer for Relief, the claims survive Defendants' Motion.

To the extent that Defendants' Motion seeks a ruling on whether Plaintiff can pursue punitive damages against Defendant Strabane County, the Motion will be granted in that the Court finds that Plaintiff cannot pursue punitive damages against Defendant Strabane County.

### F.  The Motion for Limited Early Discovery

District Courts in the Third Circuit have applied one of two standards when considering requests for expedited discovery, an injunctive relief standard or a good cause standard.  Plaintiff does not pursue this Motion on an injunctive relief theory.  The good cause standard "requires the party seeking discovery to show 'good' cause for its motion, such that the request is

11

'reasonable' in light of the circumstances." *Id.* (citing *Kone Corp. v. ThyssenKrupp USA, Inc.*, Civ. Action No. 11-456, 2011 WL 4478477, at \*4 (D. Del. Sept. 26, 2011)). "Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship of the defendant." *Id.* (quoting *Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701, at \*10 n.22 (W.D. Pa. Apr. 3, 2008)).

At this time, Plaintiff has not established a basis for engaging in early discovery under the good cause standard, principally because early discovery is generally not appropriate while pleading and motions to dismiss are still underway. *See Wallace v. PennyMac Loan Services*, LLC, Case No. 2:25-cv-02297, 2025 WL 3754416, at \*1 (D. Nev. Dec. 29, 2025) (collecting cases). With the understanding that the Order pursuant to this Memorandum Opinion may significantly narrow the scope of discovery, and because the Motion for Limited Early Discovery is no longer tailored to the live claims, the Court will deny the Motion without prejudice to allow Plaintiff to recalibrate his request and refile it once his Complaint has been amended.

**Conclusion**

For the reasons discussed above, as to Counts I, II, III, and V, the Court will grant Defendants' Motions to Dismiss.   These claims will be dismissed without prejudice.  The Court will grant Plaintiff leave to amend his Complaint within 21 days of the date of this memorandum.  The Court will deny the Motion for Limited Early Discovery without prejudice to allow Plaintiff to refile it once the Complaint has been amended.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 31, 2026

cc: All counsel of record